CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 23 2018

JULIA C. DUDLEY, CLERK
BY: A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal Action No. 7:15CR00046 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| MISTY MARIE MCCANN, | ) |
| | ) By: Hon. Glen E. Conrad |
| Defendant. | ) Senior United States District Judge |

On May 19, 2016, the defendant, Misty Marie McCann, was sentenced to a term of imprisonment of 90 months for her role in a conspiracy to distribute methamphetamine. The defendant has now moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 794 to the Sentencing Guidelines.* For the following reasons, the motion will be denied.

A district court generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under 18 U.S.C. § 3582(c). United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 794 was in effect at the time of McCann's sentencing. Consequently, her "Guidelines range is not one that 'has subsequently been lowered,' as Section 3582 requires." United States v. Harris, No. 17-821, 2018 U.S. App. LEXIS 3304, at *3 (2d Cir. Feb. 13, 2018) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(2)).

---

*Amendment 794 amended the commentary to § 3B1.2 of the Sentencing Guidelines, which provides for varying reductions to a defendant's offense level if the defendant's participation in the offense was minimal, minor, or somewhere in between. The amendment took effect on November 1, 2015.

Additionally, the "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B1.10 of the Sentencing Guidelines. Dillon v. United States, 560 U.S. 817, 826 (2010). Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only if "the guideline range applicable to [the] defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below . . . ." U.S.S.G. § 1B1.10(a)(1). The amendments listed in subsection (d) of § 1B1.10 do not include Amendment 794. See U.S.S.G. § 1B1.10(d). Consequently, a reduction based on Amendment 794 would not be consistent with the applicable policy statement, and, thus, is not authorized by 18 U.S.C. § 3582(c)(2). See United States v. McNeill, No. 16-7080, 2016 U.S. App. LEXIS 21220, at *1 (4th Cir. Nov. 28, 2016) ("Section 1B1.10(d) of the Guidelines lists the amendments that receive retroactive application, and this list does not include Amendment 794. Therefore, Amendment 794 cannot be given retroactive effect in a § 3582(c)(2) proceeding.").

The United States Court of Appeals for the Fourth Circuit's recent decision in United States v. Carbajal, No. 16-4358, 2018 U.S. App. LEXIS 2378 (4th Cir. Jan. 31, 2018), on which McCann relies, does not counsel a different outcome. That decision involved the direct appeal of a sentence imposed after Amendment 794 went into effect. After reviewing the record from the defendant's sentencing, the Fourth Circuit was unable to determine "whether the district court analyzed [the defendant's] culpability relative to the average participant in the conspiracy or considered the factors now listed in the commentary to § 3B1.2." Carbajal, 2018 U.S. App. LEXIS 2378, at *17. Accordingly, the Fourth Circuit found it appropriate to vacate the judgment and remand the case for resentencing. Id.

Unlike the defendant in Carbajal, McCann is attempting to collaterally attack the validity of her sentence. On collateral review, a clarifying amendment applies only if the Sentencing Commission made it retroactive. See United States v. Goines, 357 F.3d 469, 480 (4th Cir. 2004) (holding that "a defendant may rely on a clarifying or hybrid amendment to support a § 3582(c)(2) motion, so long as the amendment has been designated for retroactive application and would result in application of a sentencing range lower than the range applied at the original sentencing proceeding") (emphasis added); see also Harris, 2018 U.S. App. LEXIS 3304, at *3 (rejecting the petitioner's argument that the appellate court should overlook the fact that Amendment 794 is not listed as retroactive, because the amendment is clarifying rather than substantive). As indicated above, Amendment 794 was not made retroactive. See U.S.S.G. § 1B1.10(d). Accordingly, it does not provide a basis for relief under § 3582(c)(2).

For these reasons, McCann's motion must be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 21st day of March, 2018.

_____
Senior United States District Judge